UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK HECKMAN, | ) | CASE NO. 5:14 CV 2527 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Mark Alan Heckman filed the pending petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 7.) Petitioner is incarcerated in the Lake Erie Correctional Institution after having been convicted in the Stark County Court of Common Pleas, pursuant to a guilty plea, for violating Ohio Rev. Code §2921.331(B)(5)(a)(ii), a third-degree felony for failing to comply with an order or signal of a police officer where the operation of the motor vehicle caused a substantial risk of serious harm to persons or property.

The petitioner appealed his conviction to Ohio's Fifth District Court of Appeals, which affirmed his conviction. The Ohio Supreme Court declined to accept jurisdiction. The petitioner is granted leave to proceed in this matter *in forma pauperis*. (Doc. Nos. 4, 6.) Upon review, however, his petition is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, which requires district courts to dismiss a petition when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" *habeas* petitions that lack merit on their face).

The petitioner asserts only one ground for relief in his petition, that "the State of Ohio has never proven any serious physical harm to persons or property from [his] direct or indirect actions from that situation from that night" and that he was convicted the same way in a prior case, 2001-CR-0658. (Doc. No. 7 at 6.) The petition is without merit on its face.

*Habeas* relief under 28 U.S.C. § 2254 may be granted only where a state prisoner is held in custody in violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A *habeas* petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998) (a claim based solely on alleged error of state law is not redressable through the federal *habeas* process).

The present petition fails to raise a cognizable constitutional claim. By entering a guilty plea in his state case, the petitioner waived any constitutional rights to have the state prove all of the elements of the offense for which he was charged. Rather, his guilty plea, by its very nature, was an admission of guilt to all elements of the offenses for which petitioner was charged. *See, e.g., Connin v. Miller*, No. 3: 13 CV 1580, 2014 WL 29125, at *7 (N.D. Ohio Jan. 3. 2014). Furthermore, alleged errors of state law are not cognizable on *habeas* review unless they are so egregious that they amount to a denial of equal protection of due process of law guaranteed by the Fourteenth Amendment. *See Koras v. Robinson*, 123 Fed. App'x 207, 213 (6th Cir. 2005). The petitioner has not asserted an error of state law of constitutional magnitude.

## Conclusion

Accordingly, for the reasons stated above, the pending petition is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b)

IT IS SO ORDERED.

                                                 */s/ John R. Adams*
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE

DATED: February 18, 2015